IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CITY OF GALLUP, NEW MEXICO**
**on behalf of itself and all other similarly**
**situated New Mexico municipalities,**

      Plaintiff,

v.                                            No. CV 07-644 JC/RLP

**HOTELS.COM, L.P., et al.,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiff City of Gallup's Amended Motion for Partial Summary Judgment on Liability and Governing Statute of Limitations and Request for Imposition of Constructive Trust Filed Under Seal Pursuant to the Protective Order Dated January 31, 2008* (Doc. 185) ("Motion"), filed November 6, 2009. Having reviewed the parties' submissions and being otherwise informed in the premises, the Court will DENY the Motion for the reasons set forth below.

### I.     BACKGROUND

This lawsuit arises from the alleged failure by online travel companies to remit the appropriate amount of tax from the sale of New Mexico hotel rooms to New Mexico municipalities and counties. Defendants "contract with hotels for rooms at negotiated discounted room rates, then mark up their inventory of rooms and sell the rooms to members of the public, who actually occupy the rooms." *Complt.* at ¶ 28. Although Defendants do remit taxes to Plaintiff, the remittances are based on the lower negotiated discounted room rates rather than the ultimate prices paid by the consumer. *Id.* Plaintiff therefore contends that Defendants

have violated the New Mexico Lodgers' Tax as well as the municipal ordinances enacted pursuant thereto. *Id.* at ¶ 59 (contending that Plaintiffs are "entitled to payment of the unpaid lodger's taxes, penalties, interest, cost of suit and attorney's fees").

Plaintiff City of Gallup's Motion seeks summary judgment as to liability and the applicable statute of limitations. Defendants contend that they are not liable for any additional occupancy taxes.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e)(2). The party opposing summary judgment must present specific, admissible facts from which a rational trier of fact could find in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the Court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *Adler* at 670 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 265).

## III.    DISCUSSION

### A. Occupancy Taxes Are Owed Only On Amounts "Paid to Vendors," Not on Defendants' Total Charges.

The Lodgers' Tax Ordinance of the City of Gallup ("Ordinance") provides, "[t]here is hereby imposed an occupancy tax of revenues of five percent (5%) of gross taxable rent for lodging paid to vendors on and after August 1, 1998." Ordinance § 3-2C-4. "Every vendor providing lodging shall collect the tax thereon on behalf of the city and shall act as a trustee therefor." Ordinance § 3-2C-7(A).

The parties focus on different aspects of the ordinance. Plaintiffs look to the goal of the ordinance, i.e., "to generate revenue by levying a tax on the total amount that the customers pay for the right to use or possess the room." *Motion* at 12. They argue that the total amount paid by customers to Defendants should be considered the "gross taxable rent" referred to in the Ordinance, and that the tax should therefore be collected on that amount. *Id.* at 10 ("[t]he purpose of the occupancy tax is to generate revenue to promote economic development by levying a five percent tax on the actual amount paid to Defendants by transient guests for the right to use or possess the hotel room, not five percent on the discounted Wholesale Room Rate negotiated by Defendants when purchasing blocks of rooms for resale"). Because Defendants remit the five percent tax based on the Wholesale Room Rate rather than the total amount they collect from their customers, Plaintiffs claim Defendants are in violation of the Ordinance. *Id.*

Defendants argue they are not "vendors" as that term is defined in the Ordinance; thus, they have no duty to collect and remit the tax imposed and cannot be held liable pursuant to the Ordinance. *Resp.* at 13. In response to Plaintiffs' arguments, Defendants note that "[l]egislative intent is discerned by looking to the plain meaning of a statute," and the Court's role is to give effect to the statutory language, without further interpretation. *Id.* at 14. Beyond this,

Defendants draw a distinction between the Wholesale Room Rate, which they agree is taxable, and the remainder of the amount charged to their customers, which they characterize as "compensation ... Defendants earn for their services, including providing their customers with the vast content on their websites and the drastically reduced room reservations facilitated through their opaque service models." *Id.*

The Court has already ruled that Defendants are not "vendors" under the Ordinance as a matter of law. *City of Gallup, New Mexico v. Hotels.com, L.P.*, Case No. 06-0549 (Doc. 54). Looking to the plain language of the Ordinance, the tax is imposed upon "gross taxable rent for lodging *paid to vendors*." Ordinance § 3-2C-4 (emphasis added). The amount paid to the vendors in this case—i.e., the hotel operators who "furnish[] lodging in the exercise of the taxable service of lodging," Ordinance § 3-2C-3—is the Wholesale Room Rate as opposed to the amount Defendants charge to their customers. It would not make sense to interpret "gross taxable rent" as the full amount charged by Defendants because only a portion of this amount is actually "paid to vendors."

### B. Defendants Are Not Trustees of Occupancy Taxes, and Plaintiffs Have Not Shown That Defendants Failed to Remit Any Occupancy Taxes Collected.

Plaintiffs argue around this conceptual problem by latching onto dicta from this Court's earlier decision denying Defendants' Motion to Dismiss. *City of Gallup v. Hotels.com, L.P.*, Case No. 06-CV-0549 (Doc. 54) ("Prior Decision") at 7 ("[n]onetheless, if Defendants are collecting a lodging tax from the vendees on behalf of the City and acting as trustees of said money, the Defendants could be liable to the City, regardless of whether or not they are vendors as provided in the Ordinance"). They argue that Defendants, while not vendors, are nonetheless "trustees of the occupancy tax monies wrongfully withheld and are liable to plaintiff and the

class." *Motion* at 13.

Both Plaintiffs and this Court's Prior Decision cite *City of Rome v. Hotels.com, L.P.*, No. 05-CV-249 HLM, 2006 U.S. Dist. LEXIS 56369, at *15-16 (N.D.Ga., May 8, 2006). In this case, the Ordinance provides that "[e]very *vendor* providing lodging shall collect the tax thereon on behalf of the city and shall act as a trustee therefor." Ordinance § 3-2C-7(A). The Ordinance at issue in *City of Rome*, by contrast, provides more generally that "[t]he *person or entity collecting the tax* from the hotel or motel guest shall remit the tax to the governing authority." *City of Gallup* at *15. Whereas the Gallup Ordinance is limited in its application to vendors and therefore does not apply to non-vendors such as Defendants, the Rome, Georgia Ordinance casts a wider net.

Even if Defendants could nonetheless be characterized as trustees of taxes, Plaintiffs have not established that Defendants collected taxes over and above what they have remitted to the vendors. Indeed, it is Defendants' position that any amounts retained by them are compensation for their services rather than taxes collected from their customers. *Resp.* at 14, 20-21. Plaintiffs having failed to show undisputed evidence of taxes collected by Defendants yet not remitted to the taxing authorities, their Motion for Partial Summary Judgment must be denied. For the same reasons, the Court will not establish a constructive trust as requested by Plaintiffs.

### C. Plaintiffs Have Not Demonstrated Fraudulent Concealment so as to Trigger NMSA 1978, § 37-1-18.

Plaintiffs argue that no statute of limitations applies to their claims pursuant to NMSA 1978, § 37-1-18, which provides that "[n]one of the provisions of this chapter shall run against cuases of actions originating out of trusts, when the defendant has fraudulently concealed the

cause of action." *Motion* at 21-22.  Defendants argue there must be some evidence of fraudulent concealment on their part to trigger NMSA 1978, § 37-1-18, and since Plaintiffs lack such evidence, their Motion should be denied to the extent it seeks to establish § 37-1-18 as applicable to this case. *Resp.* at 32-34.

The Court agrees with Defendants.  Absent some evidence of fraudulent concealment, NMSA 1978 § 37-1-18 does not apply.  *Fidel v. Fidel*, 87 N.M. 283, 285, 532 P.2d 579, 581 (1975) (affirming district court's refusal to apply § 37-1-18 where there was "no evidence of any fraudulent concealment").  "The elements of fraudulent concealment include intentional misrepresentation or concealment upon which there was detrimental reliance." *McNeill v. Rice Eng'g & Operating, Inc.*, 2006-NMCA-015, ¶ 23, 139 N.M. 48, 128 P.3d 476.  Here, Plaintiffs have presented no evidence that Defendants intentionally misrepresented or concealed information.  Indeed, as Defendants point out, their silence as to the specifics of their business practices does not constitute fraudulent concealment. *Resp.* at 32 (citing *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 701, 858 P.2d 66, 77 (1993)).  Plaintiffs' Motion for Partial Summary Judgment will be denied insofar as it seeks to establish § 37-1-18 as applicable to this case.

## IV.  CONCLUSION

Plaintiffs' Motion will be denied.  Pursuant to Gallup's Occupancy Tax Ordinance, occupany taxes are owed only on amounts "paid to vendors," not on Defendants' total charges.  Further, Plaintiffs have not shown that Defendants are trustees of any unpaid taxes charged.  Finally, Plaintiffs have not established that NMSA 1978, § 37-1-18 governs this case.

IT IS THEREFORE ORDERED that *Plaintiff City of Gallup's Amended Motion for*

*Partial Summary Judgment on Liability and Governing Statute of Limitations and Request for Imposition of Constructive Trust Filed Under Seal Pursuant to the Protective Order Dated January 31, 2008* (Doc. 185) ("Motion"), filed November 6, 2009 is DENIED.

IT IS FURTHER ORDERED that *Defendants' Motion for Oral Argument* (Doc. 211), filed December 31, 2009; *Defendants' Motion for Leave to File Surreply to Plaintiff City of Gallup's Motion for Partial Summary Judgment and Notice of Supplemental Authority* (Doc. 212), filed December 31, 2009; and *Plaintiffs' Motion to Strike Surreply Filed in Violation of the Local Rules of This Court* (Doc. 213), filed January 5, 2010, are denied.

Dated March 1, 2010.

s/John Edwards Conway
_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

James P. Lyle, Esq.
Albuquerque, NM

Jeffrey P. Harris, Esq.
John J. Schmidt, Esq.
Saba N. Alam, Esq.
Cincinnati, OH

Counsel for Defendants:

Thomas A. Outler, Esq.
Andrew G. Schultz, Esq.
Albuquerque, NM

Counsel for Defendants Trip Network,
Inc.; Internetwork Publishing Corp.;
and Orbitz, LLC:

Elizabeth B. Herrington, Esq.
Jeffrey A. Rossman, Esq.
Joshua Herman, Esq.
Lazar P. Raynal, Esq.
Stephanie L. Poulos, Esq.
Chicago, IL