**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**CITY OF GALLUP, NEW MEXICO**
**on behalf of itself and all similarly situated**
**New Mexico municipalities,**

      **Plaintiff,**

**vs.**                                          **Civil No. 07-644 JEC/RLP**

**HOTELS.COM., L.P. et al.,**

      **Defendants.**

**Memorandum Opinion and Order**
**Granting in Part and Denying in Part**
**Motion to Compel Production of Documents**
**and to Deem Requests for Admission Admitted**

This matter comes before the Court on Plaintiff's Motion to Compel Production of Documents and to Deem Requests for Admission Admitted. (Docket No 252).

**I.**      **Background**

In this class action, Plaintiff municipality alleges that Defendants, web based hotel booking companies, violated state and local tax laws by failing to remit taxes to Plaintiff and other members of the class in accordance with the New Mexico Lodgers' Tax Act, §§3-38-13 through 3-38-24 NMSA 1978, and pertinent local ordinances. Plaintiff sues on its own behalf, and on behalf of over forty "other allegedly similarly situated cities, municipalities and counties throughout the State of New Mexico." (Docket Nos. 147, 173, 180, 125 ¶ 56). Plaintiff's Amended Complaint alleges that Defendants are vendors under the New Mexico Lodgers' Tax Act and the municipal ordinances enacted pursuant thereto, and violated that Act and those ordinances by remitting taxes based upon the lower negotiated discounted room rates (e.g., the rate paid by the Defendants to the hotel/motel operator) rather than the ultimate prices paid by the consumer. (First Amended Complaint, Docket

No. 125, Ex. A ¶¶ 30 32, 64-65; Docket No. 129).

In a Memorandum Opinion and Order entered in *City of Gallup v. Hotels.com, L.P. et al.*, 2007 WL 7212855, *2-4 (D.N.M. Jan. 30, 2007), the Hon. John Edwards Conway held that Defendants "did not meet the statutory definition of the term "vendors" as that term is defined in the New Mexico Lodgers' Tax Act and related ordinances. Judge Conway reiterated this holding in his Memorandum Opinion and Order denying Plaintiff's Motion for Partial Summary Judgment entered in this suit on March 1, 2010. (Docket No. 233, p. 4).

> The Court has already ruled that Defendants are not "vendors" under the Ordinance as a matter of law. *City of Gallup, New Mexico v. Hotels.com, L.P.*, Case No. 06-0549 (Doc. 54). Looking to the plain language of the Ordinance, the tax is imposed upon "gross taxable rent for lodging *paid to vendors*." Ordinance § 3-2C-4 (emphasis added). The amount paid to the vendors in this case—i.e., the hotel operators who "furnish[] lodging in the exercise of the taxable service of lodging," Ordinance § 3-2C-3—is the Wholesale Room Rate as opposed to the amount Defendants charge to their customers. It would not make sense to interpret "gross taxable rent" as the full amount charged by Defendants because only a portion of this amount is actually "paid to vendors."

In the same Memorandum Opinion and Order Judge Conway held (1) that Plaintiff had failed to show that Defendants were  trustees on behalf of Plaintiff for the purpose of collecting lodging taxes; (2) that Plaintiff had failed to show undisputed evidence of taxes collected by Defendants but not remitted to taxing authorities, and (3) that Plaintiff failed to present any evidence of fraudulent concealment.  However, Judge Conway <u>did not</u> enter Summary Judgment in favor of Defendants on these issues. Plaintiff now contends that it "has not pursued a vendor theory of liability.  Plaintiff has pursued a trustee theory of liability, which is still a live claim in this case and many more around the country." (Docket No. 254, p. 3).

Approximately three weeks after Judge Conway denied Plaintiff's Motion for Partial Summary Judgment, Plaintiff served Requests for Production and Requests for Admission on

Defendants.  The instant motion pertains to those requests.

## II.     Requests for Production 1-8

### A)     Defendants' Objections to Requests for Production 1-8 are sustained.

Requests for Production 1 through 8 are directed to all Defendants.  I find that each of these requests, *as written*, is overly broad on its face, and that the production requested is unduly burdensome. Request No. 1 seeks production of all invoices sent by *any hotel with lodging in NM*. As written, this would include invoices from any jurisdiction, as long as the hotel had a lodging in New Mexico.  Request No. 2 seeks production of letters and documents involving Defendants and *any* state comptroller or state revenue division regarding occupancy taxes.  Request No. 3 seeks *all correspondence between Defendants and the SEC* regarding occupancy tax, including Lodger's Tax. Request No. 4 seeks production of letters or other documents reflecting any delinquency on occupancy tax, including Lodger's tax, by Defendants *from any state, county, city or other political subdivision nationwide*.   Request No. 5 seeks production of all documents between Price Waterhouse Coopers and the comptroller's office of *any state* regarding occupancy tax.  Request No. 6 seeks production of *all* documents between Defendants and Price Waterhouse Coopers regarding occupancy tax.  Request No. 7 seeks production of all documents between Deloitte and Touche and the comptroller's of *any state* regarding occupancy tax. Request No. 8 seeks production of *all* documents between Deloitte and Touche and Defendants regarding occupancy tax.

The issues in this suit involve taxes allegedly owed under the New Mexico Lodgers' Tax Act, and municipal ordinances enacted pursuant to that Act.   The New Mexico Lodgers' Tax and the ordinances enacted pursuant to it are not identical to the acts and ordinances enacted in other jurisdictions.  As previously noted by Judge Conway, the City of Gallup Ordinance is considerably

narrower than other ordinances. [1]

Accordingly, Defendants objections to Requests for Production 1-8 are sustained.

**IT IS THEREFORE ORDERED** that Defendants are not required to Respond to Requests

for Production of Documents 1-8.

B)    **Assertion of Privileges**

The court notes that Defendants conditionally asserted various privileges in opposing

Requests for Production 1-8, the most contested of which is the accountant-client privilege

established by statute in New Mexico,  N.M.S.A. § 38-6-6 ( C) 1978[2]; N.M.S.A. §61-28(B)-24

1978[3], and recognized in diversity cases filed in federal court. ***Lukee Enter., Inc., v. New York Life***

***Ins. Co.***, 52 F.R.D. 21, 22 (D. N.M. 1971); ***Hercules, Inc., v. Martin Marietta Corp***., 143 F.R.D.

266, 268(D. Utah 1992).  Jurisdiction in this case is predicated on diversity of citizenship.  (Docket

---

[1] "In this case, the [City of Gallup] Ordinance provides that '[e]very *vendor* providing lodging shall collect the tax thereon on behalf of the city and shall act as a trustee therefor."  Ordinance §3-2C-7(A).  The Ordinance at issue in *City of Rome [v. Hotels.com, L.P.,* No. 05-CV-249 HLM, 2006 U.S.Dist. LEXIS 56369I*]* by contrast, provides more generally that '[t]he *person or entity collecting the tax* from the hotel or motel guest shall remit the tax to the governing authority."  *City of Gallup* at *15.  Whereas the Gallup Ordinance is limited in its application to vendors and therefore does not apply to non-vendors such as Defendants, the Rome, Georgia Ordinance casts a wider net."  (Docket No. 233, p. 5).

[2]"In the courts of the state, no certified public accountant or public accountant shall be permitted to disclose information obtained in the conduct of any examination, audit or other investigation made in a professional capacity, or which may have been disclosed to said accountant by a client, without the consent in writing of such client or his, her or its successors or legal representatives." N.M.S.A. §38-6-6 ( C) 1978.

[3]"Except by permission of the client for whom a certificate or permit holder performs a service or the heir, successor or personal representative of the client, a certificate holder shall not voluntarily disclose information communicated to him by the client relating to and in connection with a service rendered to the client by him. Such information shall be deemed confidential; provided that nothing in this section shall prohibit the disclosure of information required to be disclosed by a standard of the public accounting profession in reporting on the examination of a financial statement or prohibit disclosure in a court proceeding, in an investigation or proceeding pursuant to the 1999 Public Accountancy Act, in an ethical investigation conducted by a private professional organization or in the course of a peer review, or to another person active in the organization performing a service for that client on a need-to-know basis or to a person in the entity who needs this information for the sole purpose of assuring quality control.  N.M.S.A. §61-28(B)-24 (1978)

4

No. 125, ¶23).

Defendants did not initially provide a privilege log in support of their claims of accountant-client, attorney-client or work product privileges.  Fed.R.Civ.P. 26(b) governs the production of privilege logs where discoverable information is withheld by a party on grounds of privilege and provides the following:

> (5)     ***Claiming Privilege or Protecting Trial-Preparation Materials.***
>
> (A)     *Information withheld*.   When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party must:
>
> > (I)     expressly make the claim; and
> >
> > (ii)     describe the nature of the documents, communications, or things not produced or disclosed – and do so in a manner that,   without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

In the event Plaintiff elects to serve discovery requests on Defendants which are limited to transactions potentially implicating the New Mexico Lodgers' Tax Act and ordinances enacted pursuant to that act, Defendants shall provide an appropriate privilege log.

**C)     Future claims of undue hardship, expense or harassment**.

In the event Plaintiff elects to serve discovery requests on Defendants which  are limited to transactions potentially implicating the New Mexico Lodgers' Tax Act and ordinances enacted pursuant to that act, and further, should Defendants object to such discovery, or seek a protective order to prevent such discovery  on the basis of undue hardship, expense or harassment or similar objection, Defendants shall submit an affidavit or deposition testimony stating the factual basis in support of their objections and/or Motion for Protective Order.

### III.     Requests for Production 9 and 11.

Requests for Production 9[4] and 11[5] ask Defendants to produce all documents which support their responses to the Requests for Admission.   Defendants responded to the Requests for Admission, although they asserted various objections and qualifications in their admissions, denials or statements that they could not truthfully admit or deny.

Defendants objected to Requests for Production 9 and 11 on a variety of grounds: The information sought was commercially sensitive, proprietary and/or confidential information or trade secrets not disclosed to the general public, the disclosure or dissemination of which could cause the Defendants harm or prejudice; production would violate the privacy/confidentiality rights of third persons and  that one or more of the Defendants could be prohibited from making such disclosures; Defendants have produced thousands of pages of documents already, and have provided deposition testimony pertinent to the discovery requested.   Defendants contend that if these objections are overruled, they will assert attorney client, work product, joint defense and other privileges and immunities.

Defendants' objection are overruled.   Defendants have made no competent showing that disclosure of the materials not previously produced would implicate commercially sensitive, proprietary and/or confidential information or trade secrets.  Further, a Protective Order was entered in the matter on January 31, 2008 (Docket No. 53), that addresses the dissemination of such information.  To the extent the privacy or confidentiality rights of third parties may be implicated, Defendants may redact identifying information in the documents produced.  Finally, to the extent

---

[4]Request No. 9 is directed to the Orbitz, Travelocity and Priceline Defendants.

[5]Request No. 11 is directed to the Expedia Defendants.

Requests 9 and 11 might require some duplicative production of documents, Defendants are ordered (a) to identify previously produced documents that were relied on by them in answering Plaintiff's discovery requests, and (b) are ordered to produce any documents that are relied on by Defendants answering Requests for Production 9 and 11 (that is, documents relied upon in responding to the Requests for Admission) that have not been previously produced in this case.  See *Steil v. Humana Kansas City, Inc*., 197 F.R.D. 445, 448 (D.Kan.2000) (modifying requests for production of documents supporting interrogatories to require only identification of documents when production would be duplicative of documents already produced).

　　　　**IT IS THEREFORE ORDERED** that the Orbitz, Travelocity and Priceline Defendants shall respond to Request for Production No. 9, and the Expedia Defendants shall respond to Requests for Production No. 11.  In so responding, Defendants :

　　　　a)　　May Designate documentation or other information as "Restricted Information" as provided for in the Protective Order (Docket No. 53);

　　　　b)　　Shall Redact identifying information implicating the privacy rights of 3rd parties.

　　　　c)　　May identify previously produced materials without the necessity of duplicate production.

　　　　d)　　May claim privileged or immunities for documents withheld.  For any such document withheld, Defendants shall serve Plaintiff with a privilege log at the time of production.

　　　　**IT IS FURTHER ORDERED** that Defendants shall make this production, and provide their privilege log, if any,  no later than **September 17, 2010.**

**IV.　　Requests for Admissions**

　　　　Plaintiff contends that the Travelocity, Expedia and Orbitz Defendants should be deemed

to have admitted Requests for Admission 15 and 16:

15.     Admit that for more than ninety-five percent (95%) of Customer reservations, the total amount of tax recovery charges and fees is equal to, or greater than, the amount of the Lodger's Tax that would be due if calculated on the Retail Room Rate.

Response[6]:     Subject to and without waiving the foregoing General Objections, which are incorporated herein, the Orbitz Defendants object to this Request as unduly burdensome, oppressive, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and/or not discoverable under the circumstances as it appears to seek an admission regarding a tax amount the Court has already decided is not due under the ordinances at issue. The Orbitz Defendants also object to this Request to the extent that it mischaracterizes the manner in which the Orbitz Defendants conduct their businesses. The Orbitz defendants further object that, due to the compound, vague, ambiguous, overly broad and unduly burdensome nature of the Request and Plaintiffs' use of legal, statutory and undefined terminology, the Orbitz Defendants are unable to admit or deny this Request as stated.

16.     Admit that Defendants do not remit Lodger's Tax to the Hotel on cancellation fees.

Response:     Subject to and without waiving the foregoing General Objections, which are incorporated herein, the Orbitz Defendants object to the Request to the extent that it mischaracterizes the manner in which the Orbitz Defendants conduct their businesses. The Orbitz Defendants do not remit "Lodger's Tax" as described by Plaintiffs. Instead, the Orbitz Defendants charge a tax recovery charge for amount forwarded to the hotels for taxes owed by the hotels. The Orbitz Defendants object to the Request to the extent it contravenes or disregards this Court's March 1, 2010 order on Plaintiffs' motion for partial summary judgment. [See Docket No. 233]. The Orbitz Defendants further object that due to the compound, vague, ambiguous, overly broad and unduly burdensome nature of the Request and Plaintiffs' use of legal, statutory and undefined terminology, including the term "cancellation fees," the Orbitz Defendants are unable to admit or deny this Request as stated.

_____

[6]The responses filed by the various defendant groups are nearly identical. The court will utilize quote the responses filed by the Orbitz defendants.

8

Rule 36(a) sets forth in considerable detail the "[s]cope and [p]rocedure [ ]" for requests for admission, including the form of answering, objecting and determining the sufficiency of an answer or objection. Fed.R.Civ.P. 36(a). Subsection (5) of that Rule dictates that "[t]he grounds for objecting to a request must be stated. Fed.R.Civ.P. 36(a)(5). If the requesting party believes that the responses are inadequate, then it may move for the Court to determine their sufficiency. Fed.R.Civ.P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed.R.Civ.P. 36(a)(6).

I find that Defendants' Responses to Request for Admission No. 15 are not adequate. Requests No. 15 is not compound, vague, ambiguous, overly broad or unduly burdensome, nor does it use legal, statutory and undefined terminology. Request 15 asks for a relatively simple mathematical calculation. If any portion of the calculation assumes a "fact" which Defendants contend is not true they can deny the Request. The term "cancellation fee" used in Request No. 16 is certainly understood by the court to be a fee charged a customer who cancels a reservation. Defendants are free to deny Request No. 16 if they do not believe it represents the truth. They may also "in good faith . . .qualify an answer or deny only part of a matter. . . (specifying) the part admitted and qualify(ing) or deny(ing) the rest." F.R.Civ.P. 36(a)(4).

**IT IS HEREBY ORDERED** that Defendants serve amended answers to Requests for Admission 15 and 16 on or before **September 17, 2010.**

## V.    Award of Expenses

F.R.Civ.P. 36(a)(6) and 37(a)(5) require an award reasonable expenses, including attorney fees, to the movant on a successful motion to compel, unless: 1) the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court intervention, 2) the opposing party's non-disclosure, response or objection was substantially justified and 3) other circumstances

9

make an award of fees expenses unjustified.

Plaintiff served these discovery requests on Defendants on March 26, 2010. (Docket Nos. 235-238).  Defendants' Responses and Objections were served on April 28, 2010.  (Docket Nos. 244- 250).  Plaintiff wrote a joint letter to ten Defense counsel in five separate firms on May 17, 2010,  addressing Defendants responses and objections, and stated that counsel were to "advise as to your availability to meet and confer on these matters on or before this Wednesday, May 19, 2010. If these matters are not resolved by this Wednesday, we will file a motion to compel appropriate responses to Plaintiff's Discovery Requests." (Docket No. 252, ex. E).  Plaintiff then filed the Motion to Compel at 2:53 pm on May 19, 2010.  (See notice of electronic filing for Docket No. 252).

I find that Plaintiff did not act in good faith.  It demanded an unusually short time for Defendants to advise of their ability to meet and confer, and then filed the instant motion prior to the expiration of that deadline.

Accordingly, expenses connected to the filing of this Motion will not be granted.

**IT IS SO ORDERED.**

Richard L. Puglisi
Chief United States Magistrate Judge