IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITY OF GALLUP, NEW MEXICO
on behalf of itself and all other similarly
situated New Mexico municipalities,

    Plaintiff,

v.                                                                                                                   NO. 07-CV-644 JEC/CG

HOTELS.COM, L.P., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

       THIS MATTER comes before the Court on *Defendants' Motion for Summary Judgment and Memorandum of Law in Support Filed Under Seal Pursuant to the Protective Order Dated January 31, 2008* (Doc. 308) ("Motion for Summary Judgment"), and *Expedia, Inc.'s Motion to Strike Notice of Plaintiff's Submission of Supplemental Exhibits in Support of Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment* (Doc. 285) ("Motion to Strike"). Having considered the motions, the parties' submissions, the record, and the governing legal authorities, the Court will grant both *Defendants' Motion for Summary Judgment* and *Expedia, Inc.'s Motion to Strike*.

**I.    BACKGROUND**

       Plaintiff City of Gallup brought this single-count lawsuit on behalf of itself and other New Mexico municipalities, claiming that Defendants remit to Plaintiff insufficient taxes from their online sale of New Mexico hotel rooms, in violation of state and local law. This action is among many of its kind filed nationwide in which state and municipal governments are embroiled in

disputes with online travel companies ("OTCs") over the proper hotel occupancy tax base that should apply in online hotel booking scenarios.

Defendants OTCs are in the business of facilitating discounted hotel room rates for customers by contracting with hotels for negotiated discount wholesale rates, then allowing customers to book rooms through their websites for marked up rates that fall above wholesale but below market. Defendants' business practice – referred to in their industry as the "merchant model" – includes remitting taxes to Plaintiff as calculated on the lower, discounted room rates negotiated between the OTCs and the hotels rather than on the higher prices ultimately paid by customers. Plaintiff contends that Defendants' failure to remit taxes based on the higher prices they ultimately charge consumers violates the New Mexico Lodgers' Tax Act and the municipal ordinances enacted pursuant thereto. Plaintiff challenges not only the tax basis used to calculate the occupancy tax, but also Defendants' practice of charging consumers a single fee that includes both the occupancy taxes and the fees that Defendants charge for their services – a billing method consumers acquiesce in prior to purchasing rooms online. Plaintiff asserts a theory that this billing method results in Defendants OTCs collecting more tax dollars from consumers than they remit to Plaintiff.

To date, judgment has been rendered in approximately thirty-two hotel occupancy tax cases involving the same challenged OTC business practices at work here. Of those, the OTCs have prevailed in twenty-two with several having been affirmed on appeal. *See* Docs. 286 at 13-15, 297, 300, 303, 306, 308, 310 (collecting cases). The cases from other jurisdictions in some instances provide guidance, though none are binding on this Court and the various outcomes and analyses are driven by the wording of the particular tax ordinances at issue.

The Lodger's Tax Ordinance of the City of Gallup ("Ordinance") provides, "[t]here is hereby imposed an occupancy tax of revenues of five percent (5%) of gross taxable rent for lodging paid

to *vendors* on and after August 1, 1998." Ordinance § 3-2C-4 (emphasis added). "Every *vendor* providing lodging shall collect the tax thereon on behalf of the city and shall act as a trustee therefor." Ordinance §3-2C-7(A) (emphasis added). Accordingly, the Ordinance on its face and by its plain language imposes tax collection responsibilities on the vendor. As discussed further *infra*, the Court has already ruled that the Defendants OTCs are not vendors for purposes of the Ordinance.

In moving for summary judgment, Defendants assert that the undisputed facts, together with the Court's prior rulings, establish that they are not required to remit occupancy taxes in excess of those they currently remit under any of Plaintiff's theories of recovery a matter of law. The parties have each submitted multiple supplemental authorities consisting of decisions from courts having construed different ordinances after the completion of briefing on this Motion, and in some instances each party contends that the same case enhances its position. A synthesis of these other decisions neither leads this Court to reevaluate any of its prior determinations, nor persuades the Court that there remains any factual dispute in need of resolution in this case. The text of the statutory provisions at issue in many of those cases differs so meaningfully from the New Mexico statute and Gallup ordinances that they are often of limited guidance. Further, in those cases where the extra-jurisdictional statutory schemes are similar to those at issue here, the rulings are either in accord with this Court's past and present determinations, or look well beyond the text of the governing ordinances to reach results that are simply not persuasive to this Court.

In support of its opposition to summary judgment, Plaintiff also filed a *Notice of Submission of Supplemental Exhibits* [Doc. 282] ("Notice") containing three documents ("Memoranda") that Defendant Expedia, Inc. ("Expedia") asserts are protected by attorney-client privilege and the work product doctrine. The Memoranda consist of communications from Expedia's attorneys,

accountants, and financial advisors analyzing and advising Expedia on matters related to potential tax liability exposure in certain states, New Mexico not being among them. Though not contesting the privileged nature of the Memoranda even now, Plaintiff nonetheless filed the subject Memoranda on the Court's publicly viewable docket without advance warning to Expedia. Expedia has moved to strike the Memoranda from the record and Plaintiff responds that certain exceptions to the privileges apply.[1]

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e)(2). The party opposing summary judgment must present specific, admissible facts from which a rational trier of fact could find in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court will consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *Adler* at 670 (citing *Anderson*, 477

---

[1] Magistrate Judge Garza has since granted Expedia's request and ordered the documents sealed. *See* Docs. 284, 288.

U.S. at 248, 106 S.Ct. 2505, 91 L.Ed. 2d 265).

### B. Privileges

The attorney-client privilege is a firmly established common law privilege governing confidential communications and serving the "broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Under the New Mexico law governing in this diversity case, *see* 28 U.S.C. § 1332, "the attorney-client privilege applies to confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." *Murphy v. Gorman*, 271 F.R.D. 296, 303-304 (D.N.M. 2010) (internal quotation marks omitted); *see also* Rule 11-503(B) NMRA.

The attorney work product doctrine protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant . . . or agent)." FED. R. CIV. P. 26(b)(3)(A); *Murphy v. Gorman*, 271 F.R.D. 296, 311 (work product doctrine applies when "documents or materials were prepared in anticipation of litigation by or for a party or that party's representative" and "[l]itigation need not necessarily be imminent as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation"); *see also id.* at 310 ("In diversity cases, rule 26(b)(3) of the Federal Rules of Civil Procedure governs work-product issues.").

### III. DISCUSSION

### A. Motion to Strike

The Court turns first to the merits of Expedia's Motion to Strike. After fully responding to Defendants' pending motion for summary judgment, Plaintiff filed its *Notice of Submission of Supplemental Exhibits* in further support of its opposition. Attached thereto are three Memoranda that Expedia moves to strike from the record on the grounds that the Memoranda are privileged,

protected and were otherwise improperly filed under the governing procedural rules. *See* Docs. 282, 285. Plaintiff responds to Expedia's Motion to Strike by arguing, among other things, that the attorney-client privilege and the work-product doctrine do not apply because the content of the Memoranda triggers the crime-fraud exception to those privileges. *See* Doc. 290 at 3-6. In particular, Plaintiff contends that a special master's report from a state case in Columbus, Georgia collaterally estops Expedia from challenging whether the crime-fraud exception applies to the asserted privileges in this case. *Id.* at 6-9. Expedia replies that collateral estoppel has no place in this Court's analysis because (1) the special master's report was not a final judgment or an otherwise final, appealable order on the merits to which estoppel can apply, and (2) using the report against Expedia is inequitable given the procedural status of the Columbus determination and the fact that Expedia itself did not willingly disseminate the Memoranda for public consumption in that case or a any other. Doc. 292 at 3-7.

After the close of briefing on its Motion to Strike, Expedia submitted an additional Notice of Supplemental Authority (Doc. 309), presenting the Court with a November 28, 2012 ruling in which the trial court in Columbus vacated the special master's report and the order adopting that report that form the basis of Plaintiff's collateral estoppel argument. *See Columbus, Georgia v. Expedia Inc.,* No. SU-06-CV-1794-7, slip op at 1 (Muscogee County Superior Ct., November 28, 2012). The Columbus trial court deemed the special master's report and order at issue to be "no longer of any force or effect." *Id.*

First, the Court notes that Plaintiff does not once challenge the status of these Memoranda as privileged and/or protected work product. Instead, Plaintiff apparently concedes the privileges, instead arguing that because Plaintiff readily accessed the Memoranda from the Columbus court's docket, its obligations under the rules governing the use of privileged communications are waived.

6

The Court disagrees.

Having reviewed the subject Memoranda under the governing law, the Court has no doubt that the documents are, indeed, protected from disclosure by attorney-client privilege and/or the work product doctrine. Herein, the Court is cautious to avoid further improper dissemination of the privileged information and finds an in depth discussion unnecessary to resolving the issues. In sum, the documents are: (1) a confidential memorandum prepared by Price Waterhouse Coopers accounting firm for, and at the direction of, Expedia's in-house legal counsel to assist in the rendering of legal advice to Expedia's business personnel in connection with audits by taxing jurisdictions and anticipated litigation (*see* Chaffe Aff., Doc. 285, Ex. F); (2) portions of a draft memorandum, headed "privileged and confidential," prepared by Holland and Knight LLP and conveying legal advice to Expedia's former parent corporation on certain occupancy tax statutes, evaluating how auditing authorities might decide certain of the occupancy tax issues, and rendered at a time when audits were both ongoing and anticipated (*see* Macht Dec., Doc. 285, Ex. H at ¶¶ 2-4); (3) a memorandum titled "MSB Occupancy Tax Analysis" generated in Expedia's in-house legal department by Expedia's then Senior Vice President and General Counsel, discussing and analyzing various occupancy tax statutes, containing litigation risk assessments and strategies, and suggesting legal arguments against application of occupancy taxes (Britton Dec., Doc. 285, Ex. I at ¶ 3).

Given the privileged nature of the Memoranda, Plaintiff's filing of the documents for public view with no advance warning to Expedia violates the spirit, if not the precise letter, of Rule 26(b)(5). Discovery Rule 26(b)(5) provides that where there is an inadvertent communication of privileged documents to an opposing party, the opposing party "must promptly return, sequester or destroy the specified information" and "must not use or disclose the information until the claim is resolved." FED.R.CIV.P. 26(b)(5)(B). Though Plaintiff did not receive the Memoranda

"inadvertently" as contemplated by the Rule, it was apparent on the face of the documents (labeled "Attorney/Client Communication,: "Attorney Work Product" and "Confidential") that a privilege was asserted. Moreover, if the labels on the Memoranda were not sufficient to identify a claimed privilege, this fact was also evident to Plaintiffs given the manner in which Expedia vigorously objected to the involuntary disclosure of the Memoranda in the Columbus litigation from which Plaintiff obtained the documents, and the fact that Expedia had sought but not yet obtained appellate review of the special master's non-final determination. Surely the better course of action would have been for Plaintiff to challenge the clear privilege assertion by filing the documents under seal. *See Smith v. Armour Pharm. Co.*, 838 F. Supp. 1573, 1578 (S.D. Fla. 1993) (ordering privileged memorandum that had been publically and improperly disseminated not be used in litigation and discussing courts' inherent authority to preserve the integrity of the judicial proceedings). Revealing the content was improper because Plaintiff did not meet, or even acknowledge, its burden to demonstrate a good-faith factual basis for the Court to review the memoranda. Though not alone sufficient justification for the Court to strike the Memoranda, Plaintiff's failure to allow for proper review of the issues appears artful.

Turning to the issue of collateral estoppel, the Court finds the doctrine tangential at this point in the litigation. The Columbus special magistrate's determination by its own terms retains no legal force following the Columbus Court's nullification of the report and order. *See* Doc. 309, Ex. A. Hence, the Memoranda are privileged unless the crime-fraud exception applies.

Plaintiff's contention that the crime-fraud exception to the conceded privileges operates to negate those privileges is also unavailing. Plaintiff essentially argues that the crime-fraud exception applies because Expedia has vigorously disputed its potential tax liability in jurisdictions such as Florida. A party may obtain an in camera review only by first showing a good-faith factual basis to

8

believe that the crime-fraud exception applies. *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995). Again, Plaintiff ignored this burden.

Setting aside Plaintiff's blatant disregard for carrying its burden of proof for a moment, nothing in the Memoranda support application of the crime fraud exception. As Expedia states, "The motive of a taxpayer to escape payment of a tax will not make unlawful what the law allows." *State v. Wilbe Lumber Co.*, 64 So. 2d 327 359 (Miss. 1953). Because Expedia had good faith defenses to the tax liability, it had every right to pursue its legal or administrative options and dispute liability. Taxpayers need not mindlessly accede to the government's every request for additional taxes. *See Knetsch v. United States*, 364 U.S. 361, 365. Recommending that a client contest a novel application of a tax, against which it has strong or defensible arguments, is anything but criminal or fraudulent. The crime-fraud exception does not apply here.

For all of the foregoing reasons, the Court will grant Defendants' Motion to Strike the Memoranda from the record.

### B.     Summary Judgment

To assert a claim that Defendants violated the NM Lodgers' Tax Act and Ordinances by allegedly over-collecting taxes that have not been remitted, Plaintiffs must establish that (1) Defendants are subject to these enactments and have collection and remittance obligations under them; and (2) any alleged over-collected taxes are required to be paid to the New Mexico tax authorities.

The Court has already ruled that pursuant to the Lodgers Tax Ordinance of the City of Gallup ("Ordinance"), transient occupancy taxes are owed only on amounts "paid to vendors," and Defendants are not "vendors" under the Ordinance as a matter of law. *City of Gallup, New Mexico v. Hotels.com, L.P.,* Case No. 06-0549, Doc. 54 at 6 (Memorandum Opinion and Order on motion

to dismiss stating that "online travel companies . . . do not appear to be the intended targets of the Ordinance . . . Defendants do not appear to be "vendors" for purposes of the Ordinance."); *City of Gallup v. Hotels.com. L.P.*, Case No. 07-644 JC/RLP, Doc. 147 at 4 (Memorandum Opinion and Order on motion for class certification stating that "Defendants are not vendors under Gallup's municipal ordinance"); Doc. 233 at 4-5 (Memorandum Opinion and Order on Plaintiff's motion for partial summary judgment stating, "[t]he Court has already ruled as follows:  (1) that Defendants are not "vendors" under the ordinance as a matter of law;" and recognizing that the net rate constitutes "the amount paid to vendors or the gross taxable rent," and denying Plaintiff's request to establish a constructive trust based in part on Plaintiff's failure to show "undisputed evidence of taxes collected by Defendants yet not remitted to the taxing authorities").

Notwithstanding the Court having thrice ruled that Defendants are not "vendors" under the terms of the governing enactments, Plaintiff persists in its attempt to relitigate the question. Plaintiff asserts that "[f]rom the commingled funds, Defendants improperly calculate estimated taxes that Defendants collect from customers and remit to the local hotel." Resp. at 6. "Defendants and the local hotel have a confidential separate agreement to calculate tax on the improper lower privately-negotiated amount, thereby collecting a commingled trust fund of tax recovery charge and fees and then remitting an improper amount of tax." *Id*.

However, in its Memorandum Opinion and Order denying *Plaintiff City of Gallup's Amended Motion for Partial Summary Judgment on Liability and Governing Statute of Limitations and Request for Imposition of Constructive Trust Filed Under Seal Pursuant to the Protective Order Dated January 31, 2008*, the Court considered these questions and ruled that Defendants are not "trustees" of the occupancy tax proceeds (and declined to impose a constructive trust) because under the plain meaning of the Gallup Ordinance, "[e]very *vendor* shall collect the tax thereon on behalf

of the city and shall act as trustee therefor." Doc. 233 at 4-5 (quoting Gallup Ordinance § 3-2C-7(A) (emphasis added)). Plaintiff relies on the case of *City of Rome v. Hotels.com, L.P.*, No. 05-CV-249 HLM, 2006 U.S. Dist. LEXIS 56369, at *15-16 (N.D. Georgia, May 8, 2006) to support its collect-but-not-remit/trustee theory, but the Ordinance at issue in *City of Rome* is dispositively more broad, providing that "[t]he *person or entity* [**not vendor**] collecting the tax from the hotel or motel guest shall remit the tax to the governing authority." *Id.* at *15 (emphasis and parenthetical added.). Notably, this Court discussed *City of Rome* when denying Defendant's motion to dismiss at the pleading stage, but it later determined upon consideration of Plaintiff's motion for summary judgment that Plaintiff had not met its burden of proof and its theory had not panned out under the Gallup Ordinance.

When denying Plaintiff's motion for summary judgment, the Court also stated that "Plaintiffs have not established that Defendants collected taxes over and above what they have remitted to the vendors. . . . Plaintiffs having failed to show undisputed evidence of taxes collected by Defendants yet not remitted to the taxing authorities, their Motion for Partial Summary Judgment must be denied." Doc. 233 at 5. Plaintiff has offered insufficient evidentiary support for its sole remaining collected-but-unremitted theory and the claim will be dismissed. *See City of Findlay, Ohio v. Hotels.com, L.P., et al.,* Nos. 3:05 CV 7443 and 3:07 CV 02117, 2010 U.S. Dist LEXIS 122460 at *5 (N.D. Ohio Nov. 18, 2010) (granting defendants' motion for summary judgment where no evidence that Defendants "pocketed amounts charged as taxes").

In its Response to Defendant's Motion for Summary Judgment, Plaintiff also advances a never before pled or asserted – and factually unsupported – theory that Defendants are liable to them for failing to provide an accounting of the monies it collects from consumers. Plaintiff claims that Defendants are liable for not separately delineating taxes collected and service fees recovered from

consumers. Plaintiff has no colorable claim of injury from Defendants' alleged failure to provide it with an accounting of the monies it collects from consumers.[2] However, under the NM Lodgers' Tax Act and the Ordinance only a "vendor" has the duty to report and fulfill the other administrative requirements of the lodgers' tax. *See* Gallup Ordinance at § 3-2C-6 (vendor required to obtain license); § 3- Even if one were to assume that Defendants are agents of the hotels (which Defendants are not), if Defendants collected tax that they did not remit to the local taxing authorities (which Defendant did not do), there is still no claim against Defendants on the basis of any agency law or principles. Agency law does not create liability on behalf of an agent. *See Smith v. Wolcott*, 512 P.2d 679, 684 (N.M. 1973) ("Insofar as an agent's acts are within his authority, they are the acts of the principal within contemplation of the law and are binding upon the principal."). Plaintiff has not alleged that the hotels have failed in any of their duties, nor could they because the hotels are compliant in their tax obligations and the law as written has been satisfied. Ordinance § 3-2C-7 (collection, liability, reporting and remittance obligations imposed on vendors). *See also* NM Lodgers' Tax Act §§ 3-38-17 (collection obligation on vendor); 3-38-18 (liability imposed on vendor). As the Court has already ruled, Defendants are not "vendors" as a matter of law.

---

[2]Similarly, Plaintiff has not established a colorable claim to what it calls "breakage" monies, whereby Defendants allegedly pocket tax dollars in scenarios where customers book rooms though OTCs but do not occupy them. Plaintiff's only so-called evidence on breakage comes from the Declaration of Shannon Farr, an accountant who reviewed Defendants' transaction data. Doc. 277 at 21 and Ex. 18. Absent any reference to even a single specific transaction, Farr observes that "the transactional data evidences that, in many cases, Defendants either did not pay the local hotel at all or paid the local hotel less than what they owed the hotel company for the hotel room." Farr's declaration simply states that it "appears [to her] that Defendants wrongfully retained the entire amount of Lodger's Tax collected from the customer and failed to remit it over to the hotel or to the applicable taxing authority." [Doc. 277 at Ex. 18, ¶ 16 (emphasis added)]. This is speculation, not competent summary judgment evidence and it does not establish a genuine issue of material fact on a "breakage" claim.

Accordingly, Defendants are not subject to the ordinances and have no duty to fulfill any of their reporting or other administrative requirements.

Defendants have correctly characterized the sole remaining issue properly before the Court in the case: Whether there remains a genuine issue of material fact as to whether Defendants collect taxes over and above those they remit to Plaintiff and can be held liable to Plaintiff for doing so under the law governing this case. The Court finds that there is not.

Plaintiff for the first time asserts its "second [and never pled] grounds for liability," that being that Defendants unlawfully failed to account for the monies collected. Resp. at 4. In this vein, Plaintiff directs the Court to a provision in the Gallup ordinance proscribing a penalty for "any *person* who violates the provisions of this article for a failure to pay the tax, to remit proceeds thereof to the city or to properly account for any lodging and tax proceeds pertaining thereto." Gallup Municipal Code § 3-2C-15. Surely, Plaintiff asserts, if not "vendors," Defendants are "persons" subject to penalty under the ordinance. Yet this argument ignores the fact that because the Defendants are not vendors as that term is used in the Ordinance, they cannot be in violation of the "provisions of this article." Further, as Defendants correctly assert, under the NM Lodgers' Tax Act and the Ordinance only a "vendor" is charged with reporting and fulfilling the other administrative requirements of the lodgers' tax. *See* Gallup Ordinance at § 3-2C-6 (vendor required to obtain license); § 3- 2C-7 (collection, liability, reporting and remittance obligations imposed on vendor); *see also* NM Lodgers' Tax Act §§ 3-38-17 (collection obligation on vendor); 3-38-18 (liability imposed on vendor). Accordingly, Defendants are not subject to the ordinances and have no duty to fulfill any of their reporting or other administrative requirements.

In summary, the Court's prior rulings remain in effect, Plaintiff has failed in its burden to offer sufficient, competent summary judgment evidence in support of its claim, and Plaintiff's claim

will be dismissed on all theories with prejudice.

WHEREFORE,

**IT IS ORDERED** that *Defendants' Motion for Summary Judgment and Memorandum of Law in Support Filed Under Seal Pursuant to the Protective Order Dated January 31, 2008* (Doc. 308) is **GRANTED.**

**IT IS FURTHER ORDERED** that *Expedia, Inc.'s Motion to Strike Notice of Plaintiff's Submission of Supplemental Exhibits in Support of Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment* [Doc. 285] is **GRANTED.**

_____
For SENIOR UNITED STATES DISTRICT JUDGE
JOHN EDWARDS CONWAY